Smith, J.
In the first of these two cases it is claimed that the court of common pleas erred in striking the bill of exceptions taken by the (plaintiff in error from the files. The case was this. Bosodi, the plaintiff in error, was charged before a justice of the peace in Cincinnati on an affidavit which set out that onjjthe 2nd day of July, 1894, he had sold one pint of an article of food which was adulterated in the following respects — it was sold under the name of lemonade, and w'as not lemonade. A trial was had in the case, and at the close of the testimony on thejpart of the State, the defendant asked or hisjdischarge on the ground that the State had not made out a case. The motion was overruled, and exception taken The defendant then offered his testimony, and when the evidence had been fully heard, the case was submitted to the jury, who returned a verdict finding him guilty as charged. A motion for a new trial was filed and overruled, and the defendants also made a motion to arrest the judgment, which was also overruled, and the defendant sentenced, to all of which he excepted, and the justice, under the provisions of the act of April 27, 1893 (90 Ohio Laws, 358), fixed the time for the presentation and signing of a bill of exceptionsjteujdays from the date of the overruling of the motion for a new trial, and it was duly and legally signed in proper time, viz., on August 24, 1894.
On the((5th^of October, 1894, the plaintiff in error filed in the court 'of common pleas his petition in error to reverse such judgment,"(andjwith it the transcript from the docket of the justice, the bill of exceptions and the original papers in the case. On the((20th of November, 1894, the defendant in error filed(a motion to strike the bill of exceptions from the files on the ground that the justice of the peace had notjtransmitted it to the clerk of said court within ten days from the date of its allowance by him, which was the *277 fact. The court sustained the motion,and ordered the bill to be stricken from the files, to which action the proper exception was taken. Afterwards the judgment of the justice was affirmed by the court, and this petition in error is filed to reverse such judgment. Was the action of the court in striking from the files this bill of exceptions right? We think that it was not. It is true that the same section to which we have already referred, section 6565, vol. 90 O. L., p. 358, provides that the justice shall file the bill of exceptions when allowed, “with the papers in the case, and note such signing and filing in his docket,and transmit the same with the transcript of his docket and original papers within ten days from the date of signing to the clerk of the court of common pleas and by him filed and entered on his trial docket, as in other cases.' ’ But this is a duty imposed upon the justice by the law, and if he fails .to do this, unless he has aemanded his fees therefor and. they are not paid, the person taking the bill is not to be prejudiced thereby, but may, within the six months allowed for filing the petition in error, do so, and with it file the transcript, bill of exceptions and other papers. It is analogous to the case decided, when the court failed and refused to fix the amount of an appeal bond, on application by a party desiring it done, and where it was held that this did not bar the appeal, but that the party desiring to appeal, might give a bond in a reasonable or proper amount, and have his appeal. 1 Ohio St., 171; 38 Ohio St., 405.
So, too, it has been held that in cases where an appeal is in the interest of the trust, and in which case the statute imposes upon the clerk the duty of filing the papers in the appellate court within a fixed time, that a failure on his part " to do so will not deprive the party of his right, but the papers might be filed thereafter. The result of this holding is that the bill of exceptions is properly before us, and must be considered by us in the determination of the ques *278 tion whether the court of common pleas erred in affirming the judgment of the justice of the peace.
A. E. Moore, for Plaintiff in Error.
Prosecuting Attorney, contra.
In the further consideration of these cases they will be considered together, as practically the same questions, with a single exception, arise in each one. And we may say that many of the points of error relied upon by counsel for plaintiff as to what allegations are necessary in the affidavit to constitute the offense with which the defendant was charged, and the character and necessity of the proof required on the part of the Slate, are conclusively settled against him by the decisiou of the Supreme Court in the case of The State v. Kelly, 85 Law Bull., 115, and we are of the opinion that the trial court did not err in its rulings on the trial of the case. And furthermore, that the verdict in the one case, and the finding of the court in the other, were not so manifestly against the weight of the evidence as to justify us in reversing either on that ground. Both judgments will, therefore, be affirmed.